1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  INDUS INSURANCE AGENCY, INC.;        No.  2:22-cv-02022-JAM-JDP
    a California Corporation; and
12  AVERWOOD INSURANCE SERVICES,
    INC., a California
13  Corporation,                         **ORDER GRANTING DEFENDANTS'
                                         MOTION TO COMPEL ARBITRATION AND
14              Plaintiffs,              DISMISS**

15       v.

16  NATIONWIDE MUTUAL INSURANCE
    COMPANY, an Ohio Corporation,
17  ET AL.,

18              Defendants.

19

20       Before the Court is Defendants Nationwide Mutual Insurance

21  Company, Nationwide Insurance Company of America, Nationwide

22  Mutual Capital, LLC, and Nationwide Mutual Fire Insurance

23  Company's (collectively, "Nationwide") motion to compel

24  arbitration and dismiss Plaintiff Averwood Insurance Services,

25  Inc.'s claims without prejudice.  See Mot. to Compel and Dismiss

26  ("Mot."), ECF No. 20.  Defendants contend that the parties'

27  contract expressly delegates all issues and claims to

28  arbitration, which is binding on the Court.  Plaintiffs Averwood

1

1    Insurance Services, Inc. ("Averwood") and Indus Insurance Agency,

2    Inc. ("Indus") oppose the motion.  See Opp'n, ECF No. 31.

3    Defendants replied.  See Reply, ECF No. 33.

4        For the reasons set forth below, the Court GRANTS

5    Defendants' motion.[1]

6

7        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

8        On June 2, 2020, Defendants and Plaintiff Averwood entered

9    into a contract whereby Plaintiff Averwood was permitted to seek

10   insurance for its customers from Defendants.  Mot. at 2; see

11   Averwood Agency Agreement ("Averwood Contract"), Exhibit C to

12   Declaration of Muhammad Younas Malik, ECF No. 3.  Section 17 of

13   the contract contained an express delegation of "any claim or

14   dispute" between the parties to "mandatory binding arbitration

15   under the American Arbitration Association ("AAA") Commercial

16   Arbitration Rules and Mediation Procedures" in Columbus, Ohio.

17   Id. at 7.  The parties expressly gave up their right to "have any

18   claim or dispute between them decided by a court or jury" and

19   agreed to delegate the enforceability of the contract and its

20   arbitration clause to an arbitrator.  Id. at 7-8.  The contract

21   also contained a provision that allows the parties to pursue a

22   temporary restraining order or injunctive relief from a court

23   before, during, or after an arbitration proceeding, including in

24   aid of arbitration.  Id. at 8.  As for cancellation of the

25   contract, the contract allowed Plaintiff Averwood to cancel at

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for February 14, 2023.

1    any time with written notice to Defendants; Defendants were

2    allowed to cancel with written notice if Plaintiff Averwood

3    (1) violated an applicable law or regulation; (2) had its

4    insurance license revoked by a state regulator; or (3) violated a

5    "material term of or attempted assignment" of the contract.  Id.

6    at 6.

7         On August 29, 2022, Defendants notified Plaintiff Averwood

8    that it intended to cancel the contract.  Mot. at 3.  Several

9    months later, Plaintiff Averwood jointly filed suit with

10   Plaintiff Indus, which had entered into a similar contract with

11   Defendants and had similarly been notified of Defendants' intent

12   to cancel its contract.  See Compl., Exhibit A to Notice of

13   Removal, ECF No. 1.  The Complaint asserts three causes of action

14   stemming from the cancellation of Plaintiffs' contracts:

15   (1) violation of the fair procedure doctrine; (2) violation of

16   the unfair competition law under California Business and

17   Professions Code § 17200; and (3) injunctive relief for violation

18   of the fair procedure doctrine.  Compl. ¶¶ 33-46.  On November 8,

19   2022 Defendants removed the case to federal court, invoking the

20   Court's diversity jurisdiction.  See Notice of Removal.  One week

21   later, Plaintiffs filed for a temporary restraining order, which

22   the Court denied due to undue delay and procedural deficiencies.

23   See Ex Parte Application for Temporary Restraining Order and

24   Order to Show Cause, ECF No. 3, Order, ECF No. 11.  Several weeks

25   later, Plaintiffs filed a motion to remand, arguing that

26   Defendants had failed to establish the amount in controversy for

27   diversity jurisdiction.  See Mot. to Remand, ECF No. 15.

28   Defendants opposed the motion.  See Opp'n, ECF No. 24.

1    On December 12, 2022, Defendants filed the operative motion

2  to compel arbitration and dismiss Plaintiff Averwood's claims

3  without prejudice as well as a motion to stay Plaintiff Indus's

4  claims.  <u>See</u> Mot., Mot. to Stay, ECF No. 21.  Defendants contend

5  that all of Plaintiff Averwood's claims relate to the parties'

6  contract and are thus subject to mandatory arbitration.  Mot. at

7  3.  Plaintiffs opposed the motion.  <u>See</u> Opp'n.  Defendants

8  replied.  <u>See</u> Reply.

9    On January 24, 2023, the Court held a hearing on Plaintiffs'

10  motion to remand and denied Plaintiffs' motion, finding that

11  Defendants had sufficiently established diversity of citizenship

12  and the amount in controversy for diversity jurisdiction.  Mot.

13  Hearing, ECF No. 37.  The Court therefore does not need to

14  consider Plaintiffs' argument against subject matter jurisdiction

15  outlined in their opposing brief to the instant motion.

16

17                        II.  OPINION

18      A.  <u>Legal Standard</u>

19    The Federal Arbitration Act (FAA) governs arbitration

20  agreements.  9 U.S.C. § 2.  The FAA allows parties to obtain an

21  order directing arbitration according to the terms of the

22  agreement.  9 U.S.C. § 4.  To decide on a motion to compel

23  arbitration, a court must determine: (1) whether a valid

24  agreement to arbitrate exists; and (2) if a valid agreement

25  exists, whether the arbitration provision covers the dispute at

26  issue.  <u>Boardman v. Pacific Seafood Group</u>, 822 F.3d 1011, 1017

27  (9th Cir. 2016).  If a party seeking arbitration establishes

28  these two elements, a court must compel arbitration; the court's

4

1   role is "strictly limited to determining arbitrability and

2   enforcing agreements to arbitrate, leaving the merits of the

3   claim and any defenses to the arbitrator." Chiron Corp. v. Ortho

4   Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000);

5   Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 478

6   (9th Cir. 1991).

7        In determining the existence of an agreement to arbitrate,

8   the district court looks to "general state-law principles of

9   contract interpretation, while giving due regard to the federal

10  policy in favor of arbitration." Wagner v. Stratton Oakmont,

11  Inc., 83 F.3d 1046, 1049 (9th Cir. 1996).  Under the FAA, an

12  arbitration agreement contained in a commercial contract is

13  presumed to be "valid, irrevocable, and enforceable, save upon

14  such grounds as exist at law or in equity for the revocation of

15  any contract."  9 U.S.C. § 2.  Any doubts concerning the scope of

16  arbitrable issues should be resolved in favor of arbitration.

17  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1,

18  24-25 (1983).  The Supreme Court has stated that "parties can

19  agree to arbitrate gateway questions of arbitrability, such as

20  whether parties have agreed to arbitrate or whether the agreement

21  covers a particular controversy," so long as the parties do so

22  clearly and unmistakably.  Rent-A-Ctr., West, Inc. v. Jackson,

23  561 U.S. 63, 68-69 (2010), Henry Schein, Inc. v. Archer & White

24  Sales, Inc., 139 S. Ct. 524, 530 (2019).  If the arbitration

25  agreement contains such a delegation provision, a court must

26  compel arbitration with respect to issues of arbitrability except

27  to the extent there is a challenge as to whether the delegation

28  agreement itself is valid.  Id.  The Ninth Circuit has found that

5

the incorporation of the AAA Rules into an agreement constitutes "clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015).

The party seeking to avoid arbitration under the FAA bears the burden of proving that the claims at issue are not suitable for arbitration. Scott v. Loomis Armored US, LLC, No. 2:21-CV-00896-JAM-AC, 2021 WL 6136181, at *1–2 (E.D. Cal. Dec. 29, 2021). A party seeking to challenge the enforceability of a delegation clause must show that the delegation is not clear and unmistakable or that the contract itself is not valid. Wainwright v. Melaleuca, Inc., No. 2:19-CV-02330-JAM-DB, 2020 WL 417546, at *1 (E.D. Cal. Jan. 27, 2020). If a court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration." Hoekman v. Tamko Bldg. Prod., Inc., No. 2:14-cv-01581-TLN-KJN, 2015 WL 9591471, at *1 (E.D. Cal. Aug. 26, 2015).

B.   Analysis

Defendants contend that the Court must compel arbitration of Plaintiff Averwood's claims because the parties' contract (1) expressly states that the enforceability of the contract, including the arbitration clause, would be resolved through arbitration; and (2) incorporates the AAA arbitration rules, which shows that the parties clearly and unmistakably agreed to arbitrate arbitrability. Mot. at 4-5. Defendants further claim that the contract's arbitration provision is (1) valid and enforceable and (2) covers Plaintiff Averwood's claims. Id. at

1   6-9.

2        Plaintiffs do not contest the validity and enforceability of

3   the arbitration and delegation provisions.  Instead, Plaintiffs

4   claim these provisions are not applicable to this dispute because

5   the contract contains a "carve out" provision that prevents the

6   Court from ordering arbitration of all of Plaintiff Averwood's

7   claims, particularly its third claim for injunctive relief,

8   because the parties expressly contracted for equitable relief to

9   be pursuable outside of arbitration.  Opp'n at 3-4.  Plaintiff

10  Averwood contends that if the Court orders arbitration, it must

11  exclude Plaintiff Averwood's third cause of action because of the

12  "carve out" provision.  Id. at 4.  The Court disagrees.

13        The Court finds that (1) the parties expressly delegated

14  arbitrability to an arbitrator and incorporated the AAA Rules

15  into their contract; and (2) Plaintiffs have conceded to the

16  validity and enforceability of the contract's arbitration and

17  delegation provisions.  The contract's terms and the AAA rules

18  "clearly and unmistakably delegate threshold questions of

19  arbitrability to the arbitrator," which implicates all of

20  Plaintiff Averwood's claims as they relate to the termination of

21  the contract.  Schein, 139 S. Ct. at 530.  Plaintiff Averwood has

22  failed to meet its burden of showing that the delegation is not

23  clear and unmistakable or that the contract itself is not valid.

24  Wainwright, No. 2:19-CV-02330-JAM-DB at *1.  Thus, the Court

25  directs the parties to proceed to arbitration so an arbitrator

26  can determine the arbitrability of Plaintiff Averwood's three

27  claims.  Accordingly, the Court dismisses these claims without

28  prejudice.

III.   SANCTIONS

This Court issued its Order re Filing Requirements ("Filing Order") on November 9, 2022.  ECF No. 2-2.  The Filing Order limits reply memoranda to five pages.  Filing Order at 1.  The Filing Order also states that an attorney who exceeds the page limit must pay monetary sanctions of $50 per page.  Id. Defendants exceeded the Court's five-page limit on reply memoranda by six pages.  See Reply.  The Court therefore ORDERS Defendants' counsel to pay $300.00 to the Clerk for the Eastern District of California no later than seven days from the date of this Order.

IV.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion.  The Court ORDERS the parties to proceed to arbitration, pursuant to the terms of the parties' contract.  The parties are directed to file a joint status report with the Court within ten days of the conclusion of arbitration.  Plaintiff Averwood's claims are DISMISSED WITHOUT PREJUDICE

IT IS SO ORDERED.

Dated: April 5, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE