UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUS INSURANCE AGENCY, INC.; a California Corporation; and AVERWOOD INSURANCE SERVICES, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, ET AL.,<br><br>Defendants. | No.  2:22-cv-02022-JAM-JDP<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY** |

Before the Court is Defendants Nationwide Mutual Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Capital, LLC, and Nationwide Mutual Fire Insurance Company's (collectively, "Nationwide") motion to stay Plaintiff Indus Insurance Agency, Inc.'s claims pending the outcome of arbitration proceedings between Defendants and co-plaintiff Averwood Insurance Services, Inc.  See Mot. to Stay ("Mot."), ECF No. 21.  Plaintiffs oppose the motion.  See Opp'n, ECF No. 32. Defendants replied.  See Reply, ECF No. 34.

1

For the reasons set forth below, the Court GRANTS Defendants' motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

As the facts are already known to the parties, the Court repeats them only as necessary to explain its decision.

Plaintiffs Indus Insurance Agency, Inc. ("Indus") and Averwood Insurance Services, Inc. ("Averwood") are insurance agencies; Plaintiff Averwood is owned by Muhammad Younas Malik, while Plaintiff Indus is owned by Nazia Iqbal. See Compl., Exhibit A to Notice of Removal, ECF No. 1, ¶¶ 3-4. Malik and Iqbal are married and manage the agencies together. Id. ¶ 4. Both Plaintiffs entered into separate contracts with Defendants whereby Plaintiffs were permitted to seek insurance for their customers from Defendants. Id. ¶ 12-13; see Indus Agency Agreement ("Indus Contract"), Exhibit B to Declaration of Muhammad Younas Malik, ECF No. 3; Averwood Agency Agreement ("Averwood Contract"), Exhibit C to Declaration of Muhammad Younas Malik, ECF No. 3.

On July 1, 2022, Defendants notified Plaintiff Indus that they intended to cancel their contract with Indus. Compl. ¶ 25. A couple of months later, Defendants notified Plaintiff Averwood that they intended to cancel their contract with Averwood as well. Id. ¶ 27. Plaintiffs Indus and Averwood's contracts were set to terminate on November 30, 2022 and January 6, 2023,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 14, 2023.

2

respectively. Id. ¶ 32. Several weeks later, Plaintiffs sent demand letters contesting the termination of their contracts and alleging a lack of fair process. Id. ¶ 30. A couple of months later, Plaintiffs jointly filed suit against Defendants. See Compl. The Complaint asserts three causes of action stemming from the cancellation of Plaintiffs' contracts: (1) violation of the fair procedure doctrine; (2) violation of the unfair competition law under California Business and Professions Code § 17200; and (3) injunctive relief for violation of the fair procedure doctrine. Compl. ¶¶ 33-46.

On December 12, 2022, Defendants filed a motion to compel arbitration and dismiss all of Plaintiff Averwood's claims without prejudice as well as the operative motion to stay Plaintiff Indus's claims pending completion of arbitration between Plaintiff Averwood and Defendants. See Mot. to Compel, ECF No. 20, Mot. to Stay ("Mot."), ECF No. 21. In an Order filed concurrently with this Order, the Court has granted Defendants' motion to compel arbitration and dismissed Plaintiff Averwood's claims without prejudice. Plaintiffs oppose the instant motion. See Opp'n. Defendants replied. See Reply.

## II. OPINION

### A. Legal Standard

"A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). A court must consider several factors when deciding whether to exercise that discretion to issue a stay:(1) the "possible damage which might result from

granting a stay;" (2) the "hardship or inequity which a party might suffer in being required to go forward;" and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

The proponent of a stay bears the burden of showing that these factors, on balance, warrant a stay. Clinton, 520 U.S. at 708. The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay" will damage an interested party. Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

B.  Analysis

1.  Possible Damage

The Court finds that Plaintiffs have failed to sufficiently allege that Plaintiff Indus will suffer damage if the Court grants a stay. Plaintiffs' claim that a stay will prevent Plaintiff Indus from issuing new insurance policies through Defendants. Opp'n at 2. However, Plaintiffs' claim is immaterial. Plaintiffs concede that a stay will not affect existing policies. Id. The Court agrees with Defendants' contention that a stay would not prevent Plaintiff Indus from (1) seeking and acquiring new clients or (2) obtaining insurance policies for those clients from an insurance carrier other than Defendants. Mot. at 2.

2.  Hardship or Inequity

The Court finds that Plaintiff Indus would suffer minimal hardship or inequity if a stay is granted, if at all; Plaintiffs

4

do not allege that Plaintiff Indus would suffer a hardship or inequity. On the other hand, the Court is persuaded by Defendants' contention that denial of a stay would subject Defendants to litigating similar contracts in two different forums, which could result in conflicting rulings and obligations for Defendants. Id. at 2.

### 3. Orderly Course of Justice

The Court finds that granting a stay would promote the orderly course of justice; there is sufficient overlap between the Plaintiffs' individual proceedings against Defendants that "waiting for one to be resolved would work to simplify issues in the other or preserve judicial resources." United States v. California, No. 218CV00490JAMKJN, 2018 WL 5310675, at *3 (E.D. Cal. Oct. 19, 2018). As for overlap between Plaintiffs' circumstances: (1) Plaintiffs are managed together by Malik and Iqbal; (2) Plaintiffs assert identical claims and prayers for relief; (3) Plaintiffs had similar contracts with Defendants; and (4) Plaintiffs had their contracts terminated in the same manner. Mot. at 2-3. This considerable factual overlap and the Court's determination that all of Plaintiff Averwood's claims are subject to arbitration create a "substantial risk of duplication of proceedings and waste of judicial resources" if a stay is not granted. United States v. California, No. 218CV00490JAMKJN at *3. Therefore, a stay is warranted to preserve judicial efficiency and as a matter of the Court's discretion to control its docket. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 n.23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating

parties pending the outcome of the arbitration.  That decision is one left to the district court (or to the state trial court under applicable state procedural rules) as a matter of its discretion to control its docket.").

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion.  The proceedings between Plaintiff Indus and Defendants will be STAYED pending the outcome of the arbitration proceeding between Plaintiff Averwood and Defendants. The parties shall file a joint status report with the Court within ten days of the completion of the Averwood-Nationwide arbitration.

IT IS SO ORDERED.

Dated: April 5, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE